(33 Misc. Rep. 414.)

PEOPLE ex rel. LEFKOWITZ v. MANHATTAN STATE HOSPITAL.

(Supreme Court, Special Term, New York County.   December, 1900.)

INSANE PERSONS—COMMITMENT—VALIDITY OF STATUTE—HABEAS CORPUS.

A patient committed to the state hospital as an insane person, under Laws 1896, c. 545, authorizing such commitment and prescribing a procedure therefor, after personal service of notice on him and appearance by attorney, will not be released on habeas corpus, on the ground that the provision in the statute that the judge to whom application is made may dispense with personal service or direct substituted service to be made on person designated by him is unconstitutional.

Habeas corpus by the people ex rel. Benjamin F. Lefkowitz against the Manhattan State Hospital to procure the release of Louis I. Feigenbaum from custody under a commitment to the state hospital as an insane person.   Writ dismissed.

Howe & Hummel, for relator.
Benno Loewy, for committee of lunatic.
George C. Austin, for Manhattan State Hospital.

BLANCHARD, J.   This is the return of a writ of habeas corpus procured on behalf of Feigenbaum to secure his release from custody under a commitment to the Manhattan State Hospital as an insane person.   The return to the writ is made by one of the physicians of the Manhattan State Hospital, certifying that the said Feigenbaum is insane, and a copy of the papers in the commitment proceedings are annexed.   To this return the relator demurs, claiming that the commitment proceedings are insufficient in law to justify his detention, because chapter 545 of the Laws of 1896, under which Feigenbaum was committed, is unconstitutional.   The proceedings which resulted in the commitment are these:   The application for the commitment was made by John W. Keller, as commissioner of public charities of the city of New York, the said Feigenbaum being at that time confined as an alleged insane person in Bellevue Hospital in New York City.   Notice of the application was served upon him personally one day before the hearing, and his wife duly waived notice of the application.   Annexed to the petition for the commitment are the certificates of two examiners in lunacy, Dr. Allen Fitch and Dr. H. Valentine Wildman, to the effect that the said Feigenbaum is a proper subject for custody and treatment in some institution for the insane.   Upon the hearing of the application the said Feigenbaum was represented by counsel, and that fact is recited in the order of commitment.

The proposition is now advanced on behalf of the relator that the insanity law (chapter 545, Laws 1896), under which the proceedings that resulted in this commitment were had, is unconstitutional, because it is therein provided (section 62) that "the judge to whom the application is made may dispense with * * * personal service, or may direct substituted service to be made upon some person to be designated by him," which provision, it is claimed, is violative of both the constitutions of the United States and of the state of New York, in that it deprives an individual of his liberty without due

process of law. It is further asserted that the provision in the insanity law just quoted, which may deprive a person of his liberty without due process of law, nullifies the entire law, because, being a comprehensive and uniform act of legislation on the subject of the commitment of the insane, it was intended to operate as a whole, and that no° part of the act can stand if any portion of it is unconstitutional. It is not claimed in this case that the person adjudged insane did not have, in all respects, such a hearing and such notice as the law provides, nor that he is confined without due process of law, within the meaning of both the federal and state constitutions, except so far as the entire act was affected by the part quoted. The part quoted, and by which it is contended the entire act is affected, has, it seems, been held by Justice Marean of the supreme court to be violative of the constitutional guaranty against the deprivation of personal liberty. People v. Wendel (Special Term, Kings Co., Aug. 8, 1900) 68 N. Y. Supp. 948.

It does not become necessary for me to pass judgment upon the constitutionality of this provision; for, assuming it to be unconstitutional,—which I do not decide,—I am of the opinion that the remaining portion of the act is not thereby rendered unconstitutional. It does not affect the plan of the statute in such a manner as to warrant the decision that the whole law is unconstitutional. The clause held by Judge Marean to be unconstitutional and the other parts of section 62 of the act providing for the commitment of an alleged insane person are not "so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant a belief that the legislature intended them as a whole, and that, if all could not be carried into effect, the legislature would not pass the residue independently." Such is the test as stated by Chief Justice Shaw in Warren v. Mayor, etc., 2 Gray, 84. It seems perfectly clear that an alleged insane person may be committed to an institution upon proper notice, independently of any other provision permitting a justice of the supreme court to dispense with that notice. I cannot conclude that the legislature would not have enacted the provisions for the commitment upon notice, if the other provision for commitment without notice, under certain circumstances, had been omitted. Chief Justice Fuller, in his opinion upon the rehearing of what are known as the "Income Tax Cases" (Pollock v. Trust Co., 158 U. S. 601, 635, 15 Sup. Ct. 912, 39 L. Ed. 1108), says: "It is elementary that the same statute may be in part constitutional and in part unconstitutional, and, if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected." The opinion of Justice Marean, on which relator seems to place his chief reliance, would seem to be an authority as to the constitutionality of the remaining portions of the act; for the justice says, referring to the provisions for the commitment of an insane person without notice, "The insanity law, so far as it permits this, is in violation of the constitution,"—seeming thereby to indicate that other portions of the act which do not permit it would be constitutional. In the other case relied on by the relator (People v. St.

Saviour's Sanitarium, 34 App. Div. 374, 56 N. Y. Supp. 431), Justice Patterson makes the statement, which clearly distinguishes that case, "Had there been a hearing or notice the question would not arise." In this case the person adjudged insane had both a hearing and notice. Bearing in view the general rule that the court at special term should not declare an act of legislature unconstitutional, except in an extremely clear case, I must conclude that the writ should be dismissed.

Writ dismissed.